**UNITED STATES of America ex rel.
John Louis MERTZ, Appellant,**

v.

**STATE OF NEW JERSEY.**

No. 17682.

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Feb. 6, 1970.

Decided April 7, 1970.

John L. Mertz, pro se.

Guy W. Calissi, County Prosecutor, County of Bergen, Hackensack, N. J., (Harold N. Springstead, Asst. Prosecutor, on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner was convicted in New Jersey of armed robbery. The Appellate Division of the New Jersey Superior Court affirmed his conviction and the New Jersey Supreme Court denied certification. His petition for a writ of habeas corpus was denied by the district court without a hearing.

Petitioner claims violations of due process because the New Jersey trial court failed to conduct an in camera proceeding to determine the propriety of a line-up identification, the court and prosecutor commented on his failure to produce an alibi witness, the prosecutor

made references to an accomplice who was neither a co-defendant nor a witness at the trial, the prosecutor referred to his prior convictions, the court manifested its disbelief of his testimony, and the prosecutor in summation referred to the need for law and order. We find these claims to be without merit.

Petitioner also asserts that his separate sentences for robbery, under N.J.S. 2A:141-1, N.J.S.A., and for being armed, under N.J.S. 2A:151-5, N.J.S.A., violated the guarantee of the Fifth Amendment against double jeopardy. We considered and rejected this claim in a habeas corpus proceeding involving this petitioner on another charge, United States ex rel. Mertz v. State of New Jersey, 423 F.2d 537 (3 Cir. 1970).

Finally, petitioner claims a denial of due process because the court and the prosecutor referred to his lack of employment for some months prior to the commission of the crime. This question was also raised in United States ex rel. Mertz v. State of New Jersey, supra, where we affirmed the district court's denial of a petition for habeas corpus but withheld decision on this issue. There had been a failure or insufficiency of the presentation of the claim to the New Jersey appellate courts and it was not clear whether they had decided to deny relief despite the seeming applicability of State v. Mathis, 47 N.J. 455, 221 A.2d 529 (1969). We therefore affirmed without prejudice to a renewal of this contention directly in the state courts. Here, unlike the earlier case, there was no objection made at the trial to the comments to which objection is now made. But again the New Jersey appellate courts did not specifically refer to this claim in denying relief, and we cannot speculate as to the basis of their decision. As in the prior case, therefore, in affirming the denial of habeas corpus, we shall do so without deciding this question and without prejudice to further proceedings on this claim if petitioner should desire to pursue it in the state courts.

The order of the district court will be affirmed without prejudice to further proceedings in the state courts on the claim of denial of due process because of the comments regarding petitioner's lack of employment in the months preceding the crime charged.